Good morning, Your Honor. Neville Ascheson and Leon Hassani with the Cabellum. May we proceed, Your Honor? Yes, please. Your Honor, I believe that I'm going to have to speak up, and that, I think, is not an amplitude, an amplifier. I think that's just the tape of the argument. Okay. And given my age and station in life, you've got to speak up a little bit. Yes, Your Honor. Your Honors, I believe we have a very straightforward case before the Court. Although it presents three petitions for review that have been consolidated together, the issues remain straightforward. The Petitioners in this case were both prejudiced by the ineffective assistance of counsel. You've got to repeat that loud. Can't you speak up a little more? Yes, Your Honor. I can try my best. Okay. In this case, Your Honor, I believe the issues are simple.  Okay. And here we have the classic case of Petitioners trying to legalize their status after being in the United States for at least a decade, and ending in the hands of an unscrupulous notario, and then an attorney that worked with one, resulting in a case that was or rather a hearing that was so fundamentally unfair that the Petitioners essentially had no opportunity to present their cases whatsoever. And at the Board of Immigration Appeals, their decision denying the appeal cannot be consistent internally because the Petitioners presented evidence of a hardship to their United States citizen child, a serious medical hardship that required an emergency room visit, and which was supported by a doctor's letter. Yeah, but the doctor said, he didn't say that it was crucial, and I want you to, I just want to make sure that I got this right. At one time, your client said the baby was okay, and the doctor, as I said, indicated that he probably wouldn't get the kind of treatment in Mexico that he's able to get here. But I'm not sure, and this may go right to incompetence of counsel, I'm not sure the record supports the seriousness of the illness. And so you can address that perhaps, and what do you think you could show if you had a remand? Your Honor, in this case, I believe you're absolutely right. It does go to the ineffectiveness of counsel. Here, both Petitioners relied on counsel's advice and representations as to what was involved in this case. But your client testified, testified at the hearing that the health of her child was good. The client also was advised by counsel that the health of the child was irrelevant to the proceeding. But did she lie when she said that the health was good? Your Honor, I would suggest that that was a relative statement. And at the Board of Immigration Appeals, they did not deny her motion to reopen because she had testified that the health of the child was good. They rejected it because they found that there was, although they didn't address the issue of ineffectiveness of counsel, I think the case is so clear for ineffectiveness of counsel that they bypassed the issue. We have some procedural barriers that you have to jump over. Number one, as to the Petitioner for Review, right, ineffective assistance of counsel was not raised in the appeal to the Board of Immigration Appeal. It was not exhausted. Our cases say, that being so, we don't have jurisdiction. What's your answer to that? Well, my answer to that, Your Honor, is, is that even if there is no jurisdiction on direct appeal from the BIA's decision, there certainly is jurisdiction from the denial of the motion to reopen. Okay. Let's go to that. The denial of the motion to reopen, you didn't comply with the Lozada requirements regarding ineffectiveness of counsel. There was no evidence that there was a letter sent to the State Bar Association or a complaint. So the motion to reopen is procedurally barred, is it not? Your Honor, I would have to respectfully disagree. At the Board of Immigration Appeals, with the motion to reopen, the Petitioners at the time did submit a State Bar complaint and provided a copy of it attached,  And the Board, in considering the motion to reconsider, also had additional evidence before them which demonstrated that it was complied with, and there was a letter from the State Bar itself recognizing the complaint. And the Board, in their motion to reconsider, also agreed that the Lozada requirements had been met. Well, I want to interrupt, Your Honor. The first lawyer on which a complaint had been made, at that time, the time had not elapsed for a motion to reopen. But the time had elapsed when the second lawyer came in. Isn't that right? Yes, Your Honor. So if the first lawyer, if the incompetence is your theory, I'm just trying to see if I get your theory, is the incompetence of the first lawyer affected the right to reopen, which was no law, which is not open now, as far as I can see, that's the incompetence you're looking for, and that foreclosed your client from getting any relief. Isn't that it? Yes, Your Honor. That focuses on the issue, I believe, that the Board really focused on, and which is the issue before the Court now. The Board denied this case because they found that there was no prejudice. I believe that that was an incorrect determination because, first of all, the first counsel could have raised the issue of the medical hardship if it, in fact, was a later acquired situation or new situation in a motion to remand with the Board. She didn't do that. In addition to that, the second lawyer. You mean Sproul? Yes. That was the first attorney. I guess it was you. Is that right? No, the first. The second. But the second lawyer didn't raise the issue either, right? I believe the second. The second didn't bring in any information that at the time of the hearing the child's health was bad. The evidence was after June 2003 when the doctor had seen the child, the health was bad, and there was an emergency room receipt that didn't have any information suggesting it was asthma. So how would an effective attorney at the first hearing establish, based on the evidence and the record, that the health of the child constituted an exceptional circumstance? Your Honor, I would draw the Court's attention to the declaration that was submitted with the motion to reopen in support of the State Bar complaint, where the Petitioner clearly states that at the time of the hearing, the Respondent never, or the first counsel, never discussed the medical situation with her of her child. I believe she's stating in that declaration, which was in support of the State Bar complaint,  I would suggest that. So was she accurate, Vanna? Was she accurate when she testified the child's health was good? She was accurate at that time. At which time? At the time when she testified after having effective counsel and knowing exactly what the requirements were, knowing that the son's medical issues was even relevant. When the Petitioners were in court, they were told that they need to focus solely on the hardship to these parents and their siblings, which can't even be considered for a cancellation of removal application. They're going in there with this belief that they need to discuss the situation with the parents. I believe that the child's situation was already bad at that time, which is, I think, clear from her declaration, which was submitted with the State Bar complaint and with the motion to reopen, and from the declaration she submitted later. And even if it was a later-acquired condition or a new and previously undiscovered condition, the Ninth Circuit discussed the board made a decision based upon the timing of the child's condition. In that situation, the board should then have considered the new hardship. But the motion to reopen wasn't raised to look at the new fact of a later-acquired condition. It was the motion to reopen was based on ineffective assistance of counsel, meaning that the condition existed at the time of the first hearing. I would draw the Court's attention to the declaration in support of the State Bar complaint, which I believe does suggest that it existed at the time of the complaint. But in the alternative, Your Honor, even if it didn't, the board should have considered it as a new hardship. And I believe that the board. No, that wasn't briefed. I believe that, although it may not have been the direct issue because the Petitioner's position was that the condition existed at that time, I believe that it was a collateral issue in the motion to reopen, and certainly with the motion to reconsider. And I would also urge the Court to consider that when they did not consider the declaration attached to the State Bar complaint, the board did one of three things. Either they made a adverse credibility determination on a motion to reopen, which they shouldn't have done, and discounted her testimony, and or they failed to consider all the evidence in the record. Both of which are the same. Kennedy, was there no adverse credibility determination made here? Not an implicit adverse credibility determination, but there was a declaration in the record which suggested that there was a medical condition at the time of the application attached to the State Bar complaint, which was filed with the motion to reopen. So the board either ---- That goes to due diligence and not having brought that forward earlier. Well, it could have been brought forward earlier as soon as the Petitioner's became aware of the fact that the medical hardship to the child was even a relevant factor. While you're talking about medical hardship, that's the only basis. If you could have proved in the beginning medical hardship on a motion to reopen, your client could have had relief. But now we're in a situation where there was a hearing, and I can't find that there's enough in the asthma condition that makes it medical hardship. That's one of my problems. There's no affidavit showing that this child's illness would worsen. It's true he doesn't have the medical care. Can you just comment on that for a few seconds? Your Honor, I would submit that not one time did the Board of Immigration Appeals make a determination that the medical condition did not rise to the level of a medical hardship. I know that, but you're seeking incompetence of counsel. You have to show prejudice. And so there has to be something in the record which would show us that counsel, if adequate, would have been able to make a case for your client that the child was severely ill. That's the problem I have. Your Honor, I would submit that the letter from the doctor concerned damage to his condition, which I believe would rise to the exceptional hardship standard. We'll take another look at the doctor's letter. Thank you very much. We'll give you a minute to move on. Thank you. Governor, please. Good morning, Your Honors. May it please the Court. My name is Kelly Walls, and I represent the Respondent, the Attorney General. Petitioners did not demonstrate that the motion, in their motion to reopen, that their son suffered from asthma at the time of the cancellation hearing. Therefore, the Board did not abuse its discretion where it found Petitioners failed to show that former counsel was ineffective in raising the issue of their son's medical condition, and that they did not demonstrate prejudice on account of the alleged ineffective assistance. Let me just stop you that time. And you're absolutely right. But isn't there a 180-day provision which allows them to make a motion to reopen? Yes, there is. And, of course, when the motion to reopen in this case was made, it was beyond the 180 days. Isn't that correct? Yes. Now, I come back to this. The time to make that motion to reopen would be in the first 180 days. If that counsel was incompetent, and there is a complaint and all that, isn't that the real, if any, isn't that the real prejudice that the counsel was incompetent for not making a motion to reopen? And the only issue we should consider now is, was it prejudicial? And counsel says the board has really never considered the severity of the child's asthma. Well, Your Honor, I think that depends if the child actually suffered from asthma during that 180-day period and at the time of the hearing. In the motion to reopen submitted by opposing counsel, it is not clear that the child actually suffered from asthma at that time. The declarations submitted by Ms. Tamayo-Carrillo state that her son suffered from asthma and that he went to the emergency room for treatment due to respiratory problems. But it does not state when he sought treatment or when he was diagnosed. The doctor's notes shows that he sought, began treatment for his asthma some six months or 180 days after the hearing. So you're saying there's no showing of prejudice? Exactly. Under any circumstances. Exactly. Can you also address the question about compliance with Lozada? Why was it concluded that they did not meet those requirements? Your Honor, it's because they failed to notify former counsel, Attorney Spruill, of the allegations of misconduct. And while they did submit a letter that was a complaint to the State Bar, there was no evidence that it was actually filed. Is there a requirement that under Lozada that there be evidence in the record of a filing with the State Bar? Yes, there is, Your Honor. And this is important because we need to develop an adequate factual record, and we need to discourage frivolous and false claims of ineffective assistance of counsel. And by requiring an actual filing with the appropriate state authorities, we can ensure this is not a false claim. Is that in the Lozada decision itself? Yes, Your Honor. Was the motion to reopen made by a second counsel or third? I can't. I believe there were two counsels in this. Attorney Spruill, who, opposing counsel who was actually the second attorney in the case, alleged was ineffective. So there were two attorneys. Well, what I'm getting at is the motion reopened by the second counsel was outside of the 180 days. Let me just double-check that real quick, because I'm not sure that was actually something that they addressed as far as being a concern. They didn't – it was not denied as untimely. I know, but it was untimely. And that's what I want to find out. It was untimely. It didn't mean anything. And my view is then you really focus on whether the first counsel was incompetent, and then you have the issue of whether there's prejudice. Well, I think even assuming that prior counsel was ineffective, if we look at the prejudice, because the Board in its motion to – denying the motion to reconsider said assuming former counsel was prejudiced, they still did not establish that there was – I'm sorry, was ineffective. They did not establish there was prejudice to the Petitioners. They did not present any evidence in the motion to reopen that former counsel could have presented. All the evidence was well after the initial hearing, and the doctor's note indicates that he sought – the child sought treatment 180 days after the cancellation hearing. So, again, outside the motion to reopen period. And contrary to opposing counsel's contention, I believe the Board did consider the child's asthma in an overall analysis of whether or not there was prejudice. In the motion to reopen, it stated the record does not prima facie establish that return to Mexico would result in an exceptional and extremely unusual hardship to their U.S. citizen child. And considering the evidence submitted with the motion to reopen, in conjunction with the evidence already in the record, it was very reasonable for the Board to find that the child's hardship would not be exceptional and extremely unusual. They submitted no evidence of the conditions in Mexico to show the child could not be treated there. The doctor's statement says that there would be injurious damage to his lungs from the inability to obtain adequate management of asthma while outside of the United States. Well, this is a very broad statement and almost too general to be relied upon, because obviously he could seek medical treatment in many other countries other than the United States. It does not specifically address conditions in Mexico. He said that the doctor said that the child needs steroid medication. There is no evidence that that medication is unavailable in Mexico. Further, the record shows that the petitioners had significant assets. In 2001, they totaled over $278,000. As the Board recognized in Matter of Vandizola, significant assets do ease the transition from the United States to Mexico, and in this case would likely enable the petitioners to provide medical care for their child. Further, the record shows that Ms. Tamayo Carrillo, to her credit, has worked hard to educate herself, learning to type, becoming proficient in numerous computer programs, and obtaining a commercial driver's license. These skills would no doubt help her provide for her child there. Therefore, it was not unreasonable for the Board to conclude that they did not prima consequently, the Board did not act arbitrarily or irrationally when it denied both the motion to reopen and motion to reconsider. And as the Court pointed out, it is without jurisdiction to consider the direct appeal of the cancellation application. If the Court has no further questions, I would briefly conclude by saying that the petition for review for denial of cancellation should be dismissed as the Court lacks jurisdiction and that because the petitioners failed to show that former counsel was ineffective or that they were prejudiced by the alleged ineffective assistance of counsel, the petition for review of the motion to reopen and motion to reconsider should be denied. Do you agree with counsel's characterization that this is just one more of these notorious notario cases? No, Your Honor, I do not. The case presented by former counsel to the immigration judge was not lacking. It was very ---- How about the first counsel? I believe there was only one counsel that actually presented to the immigration judge. Was that Sproul? That was Sproul, yes. And her presentation of the hardship to Ms. Tamayo-Carrillo's lawful permanent resident father and Mr. Solorzano's lawful permanent mother was very detailed, and it just did not reach the level of exceptional and extremely unusual hardship. Morrell is Sproul. Yes. All right. Thank you very much. Thank you. Counsel, you have a minute to vote. Very quickly, Your Honors. In regards to the issue of this being a notario-type case, this is the exact pattern. If an asylum filed by notario, then withdrawn at the very first hearing in the immigration court and a cancellation of removal submitted, Ms. Sproul was ineffective. The court instructed her not to permit her witness to testify, which was the father. She agreed, sure, I won't put my witness on. She filled out the applications improperly. She didn't bother to do the clearances. There's no question that she was ineffective. And just focusing on the issue of the timing of the case, the medical documentation supports the hardship at least six months after the final hearing. That could have been raised by the first attorney on a motion to remand. It never happened. And I believe that that does go to prejudice. A motion to remand? You mean a motion to reopen? It should have been raised in a motion to reopen or a motion to remand on appeal by the first attorney. But where is the evidence that the child's asthma condition existed at the time of the IJ hearing? Your Honor, I believe it's in the declaration in support of the State Bar complaint. I would also submit that in the alternative, even if it is not there, if the court finds that that does not support that conclusion, the BIA appeal was handled by the first attorney. It certainly came into light six months after the final hearing. And she could have raised it in a timely motion to remand or motion to reopen with the BIA. I'd also suggest that here, under the court ---- A motion to reopen based on changed circumstances that didn't exist at the time of the immigration hearing? I believe that the Court could consider those changed circumstances. Do you have any cases that says that? Yes, Your Honor. I do. That is in a very recent decision by the Court. I believe it's Reyes-Velasquez v. Gonzalez. And I only have a Westlaw citation for that, Your Honor. Is that a published decision? Your Honor, I believe that that is a published decision. And it quotes Fernandez-Gonzalez, which I'm certain is a published decision. Would you file a copy, copies with the clerk, so we can see that decision? Yes, Your Honor. If I can just draw the Court's attention to two other cases, I would draw the Court's attention to Lynn, which is the case dealing with credibility ---- not credibility determinations, but discretionary decisions by the BIA in the context of constitutional claims. And in the matter of Lynn, this Court held that Petitioners only have to show a plausible ground of relief to satisfy prejudice, only a plausible ground. And I would submit that it was plausible that they would have been able to succeed on a cancellation and removal application based upon the medical condition. And I would also ---- What you're arguing is that six months after the hearing, more than six months after the hearing, a doctor said this child had asthma and would not benefit from treatment other than in the United States. From that, you wish us to believe that that evidence existed at the time of the hearing and counsel was ineffective in not producing it. Is that correct? Your Honor, I would ---- I'm not suggesting that. What I'm suggesting is that in connection with her declaration that supported the State Bar complaint, her own declaration, and then in addition, her subsequent declaration, which came in the motion to reconsider, this child did have problems. And even if the problems did not fully come to fruition during the immigration court hearing, they certainly could have been raised at the time, six months after, when the medical notation was made. In addition, there's an emergency ---- And you say that if conditions change and an exceptional and unusual circumstance arises after the hearing but before the 180-day motion to reopen period has run, that is sufficient grounds to bring up for a motion to reopen. At least for prejudice, Your Honor. I believe that it would satisfy, based upon the two cases I just referred to. Please do what Judge Bright suggested and let's see your case. All right? Thank you very much. Thank you for this opportunity, Your Honor.
judges: Bright, Bea, Ikuta